UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFRED SAPIENZA, by and through
Marcia Sapienza, and MARCIA
SAPIENZA,

    Plaintiffs,

vs.                       Case No. 2:04-cv-77-FtM-29DNF

FALLING WATERS BEACH RESORT MASTER
ASSOCIATION, INC., and FALLING
WATERS BEACH RESORT IV., INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #8) filed on April 16, 2004. Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. #13) was filed on May 3, 2004.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46

(1957) (footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001) (<u>en</u> <u>banc</u>). To satisfy the pleading requirements of FED. R. CIV. P. 8, a complaint must simply give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). However, dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs' complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh</u>, 268 F.3d at 1036 n.16.

## II.

The Complaint (Doc. #1) sets forth the following facts, which at this stage of the proceedings are assumed to be true: Alfred Sapienza and Marcia Sapienza moved into a second-floor condominium in December 2002. Shortly before they did so, Mr. Sapienza's left leg was amputated due to diabetes. (Doc. #1, ¶¶10,11). Because of the severity of Mr. Spaienza's condition, he slipped and fell down the condominium stairs and became unable to enter or leave his second-floor condominium without assistance. (Doc. #1, ¶13). In April 2003, the plaintiffs informed Falling Waters Phase IV Homeowner's Association President and Master Association Director,

Don Drake, of their need for additional accommodations. (Doc. #1, ¶12). The plaintiffs made a formal request for to the defendants to allow the plaintiffs to install an electric stair chair at the plaintiffs' expense.[1] (Doc. #1, ¶14). However, this issue was tabled until January 2004. (Doc. #1, ¶17). Despite the plaintiffs' numerous requests, the defendants refused to grant the plaintiffs permission to install an electric stair chair. As a result, the plaintiffs filed a Complaint (Doc.#1) against the defendants alleging that they violated the Federal Fair Housing Act because they refused to make reasonable accommodations due to the plaintiffs' disability. On April 10, 2004, Mr. Sapienza died; Ms. Sapienza was substituted as successor in interest for Mr. Sapienza. (Docs. #15, 16).

### III.

The defendants first contend that the Complaint (Doc. #1), which alleges a violation of 42 U.S.C. § 3600 et seq., Federal Fair Housing Act (FFHA), must be dismissed for a lack of jurisdiction because the plaintiffs did not comply with Fla. Stat. § 718.1255. (Doc. #8, p. 1). Section 718.1255(4) of the Florida Statutes relates to disputes involving a condominium and provides the following:

---

[1] The plaintiffs hired a medical equipment provider to determine if the condominium stairwell was designed to accommodate the electric stair chair. The provider believed that he would be able to install the electric stair chair at the plaintiffs' expense. (Doc. #1, ¶15).

-3-

> (a) Prior to the institution of court litigation, a party to a dispute shall petition the division for nonbinding arbitration.
>
> . . .
>
> (g) The purpose of mediation as provided for by this section is to present the parties with an opportunity to resolve the underlying dispute in good faith, and with a minimum expenditure of time and resources.

Defendants also rely on the Declaration of Condominium for Phase IV, in which the plaintiffs agreed to enter nonbinding arbitration before filing a lawsuit against the defendants. (Doc. #9, p. 2-3). Defendants argue that the plaintiffs failed to perform a condition precedent - participating in alternative dispute resolution - before filing this lawsuit. (Doc. #9, p. 2). No compliance with conditions precedent is alleged in the Complaint.

The issue is whether a plaintiff must exhaust state law or contractual conditions prior to bringing a claim for disability discrimination under the FFHA. The Eleventh Circuit has noted that some appellate courts have found that such exhaustion is not necessary, but declined to reach the issue. <u>Jackson v. Okaloosa County, Florida</u>, 21 F.3d 1531, 1541 n. 16 (11th Cir. 1994). Defendants have cited no case which requires such an exhaustion of state or contractual remedies as a condition to bringing a claim under the FFHA, and the Court has found none. Therefore, this argument will be rejected.

The Court concludes that under the federal notice pleading requirements summarized above, the Complaint is sufficient as to defendant Master Association.

Accordingly, it is now

**ORDERED:**

The Motion to Dismiss (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___ day of June, 2004.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
The Honorable Douglas N. Frazier
Counsel of record
DCCD
DCLC

F I L E   C O P Y

Date Printed: 06/24/2004

Notice sent to:

   ___  Adria Lynn Silva, Esq.
       Harris & Helwig, P.A.
       6700 S. Florida Ave., Suite 31
       Lakeland, FL  33813

       2:04-cv-00077    lap

   ___  Peter F. Helwig, Esq.
       Harris & Helwig, P.A.
       6700 S. Florida Ave., Suite 31
       Lakeland, FL  33813

       2:04-cv-00077    lap

   ___  Joseph G. Foster, Esq.
       Porter, Wright, Morris & Arthur, P.A.
       5801 Pelican Bay Blvd., Suite 300
       Naples, FL  34108

       2:04-cv-00077    lap